1

2

3

4

5

6

7          IN THE UNITED STATES DISTRICT COURT

8             EASTERN DISTRICT OF CALIFORNIA

9

10   UNITED STATES OF AMERICA,                   CASE NO.  CV-F-96-5630-AWI-DLB

11        Plaintiff and Judgment Creditor,

                                                 **FINAL ORDER OF CONTINUING**
12                  v.                            **GARNISHMENT (WAGES)**

13   MARK H. SCOFFIELD, DPM,

14        Defendant and Judgment Debtor.

15
     ─────────────────────────────
     GRANVILLE HOMES, INC.,
16
                  Garnishee.
17

18        The Court has considered Plaintiff's Application for Entry of a Final Order of Garnishment

19   against the non-exempt earnings of the defendant and judgment debtor, Mark H. Scoffield, DPM.

20   Plaintiff filed its Application pursuant to Section 3205(c)(7) of the Federal Debt Collection Procedures

21   Act, 28 U.S.C. §§ 3001, *et seq*.  Having considered the Application and case file, the Court finds as

22   follows:

23        1.  The Clerk entered Judgment in Plaintiff's favor and against Defendant in the amount of

24   $40,957.86 on July 31, 1996.  Docket Entry (DE) 6.

25        2.  Plaintiff filed an Application for Writ of Continuing Garnishment (Wages) on September 13,

26   2012.  DE 10.

27   //

28   //

GARNISHMENT ORDER                                                                              1

3.  The Clerk issued a Writ of Garnishment as to among others, garnishee Granville Homes, Inc., the same day.  DE 12.  Plaintiff duly served Granville Homes with the Writ and its attachments. The attachments included instructions to Defendant for objecting to Granville Homes' Answer and seeking a hearing thereon.  DE 16.

4.  On October 9, 2012, Granville Homes filed its answer as garnishee.  DE 17.  The Answer identifies Defendant as a wage earning employee of Granville Homes.

5.  Plaintiff served Defendant with a copy of the Writ of Garnishment and notified him of his right to a hearing to claim exemptions on the earnings subject to the garnishment proceeding.  The Defendant has not requested a hearing to determine exempt property.

WHEREFORE, the Court, having considered the case files, the Application for a Writ of Garnishment against Defendant's earnings, Granville Homes' Answer as garnishee, and noting Defendant has not exercised his right to request a hearing, hereby finds that entry of a final order of garnishment is proper.

IT IS THEREFORE ORDERED THAT:

1.  Garnishee Granville Homes, Inc., its successors, transferees and assigns (Granville), pay, at least monthly, to plaintiff the United States twenty-five percent (25%) of defendant Mark H. Scoffield, DPM's disposable wages until:  the judgment is paid in full; further order of this Court; or garnishee Granville no longer has custody, possession or control of any property belonging to Defendant. Granville shall also provide Plaintiff with written notice if the amount or form of compensation to Defendant changes while this order is in effect or if Granville no  longer has custody, possession or control of Defendant's property.

2.  All amounts previously withheld by Granville pursuant to the Writ of Garnishment shall be paid immediately to Plaintiff.  Granville shall also provide to Plaintiff a written accounting, by pay period, of the amounts withheld from Defendant's wages during the period from service of the Writ to entry of this final order.

//

//

//

GARNISHMENT ORDER                                                                                              2

3.  Unless Plaintiff directs otherwise, all payments shall be made payable to the "United States Department of Justice and mailed to the United States Attorney's Office, Attention Financial Litigation Unit, 501 I Street, Suite 10-100, Sacramento, California 95814.

IT IS SO ORDERED.

Dated:   June 13, 2013    _____

SENIOR  DISTRICT  JUDGE